## 28626. GRAVITT *v.* THE STATE.

DECIDED JANUARY 22, 1941.

*Henry L. Barnett,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried on an indictment containing two counts. The first count charged that he possessed, in Murray County, Georgia, more than one quart of spirituous, distilled, vinous, and alcoholic liquors as defined by the act of the General Assembly of Georgia, approved February 3, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 103), the County of Murray not being one of the counties of Georgia within which such named liquors and beverages might be legally sold and transported under the terms of said act. Count 2 charged the accused with possessing and conveying, in the county aforesaid and on the aforesaid date, "vinous, malt, alcoholic, distilled, and spirituous liquors and beverages as defined by the act of the General Assembly of Georgia, approved February 3, 1938, upon which the State tax and license fee due the State of Georgia had not been paid and which did not bear the tax stamp required" by said act. A general verdict of guilty was returned. Subsequently a motion for new trial was denied and that judgment was assigned as error. There was no demurrer to the indictment. Counsel for the defendant concedes in his brief that the verdict was authorized by the evidence, but he insists on the three special grounds of the motion for new trial. Special grounds 1 and 2 assign error on the court's failure to charge the act of February 3, 1938, and to instruct the jury as to the provisions of the act, and as to what liquors and beverages were mentioned therein. We see no merit in these grounds. The undisputed evidence was that the liquor possessed by the accused was more than one quart of whisky upon which the State tax had not been paid and which did not bear the tax stamps required by law. Under these circumstances it does not appear that the failure of the court to instruct the jury upon the different kinds of liquors and beverages mentioned in the act was prejudicial to the accused. Especially is this true where, as here, there was no request for such instructions. The remaining special ground complains of a short excerpt from the charge. The excerpt, considered in the light of the entire charge and the facts of the case, shows no cause for a reversal. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*